## MILLS v. COHEN et al.

United States District Court
S. D. New York.
Dec. 26, 1951.

N. William Welling, New York City, for trustee.

Joseph Lewis Simon, New York City, for defendants.

GODDARD, District Judge.

This is an action brought by the trustee in bankruptcy of Grade A Food Corp., a retail meat dealer, to recover an alleged voidable preference.

The bankrupt, the owner and operator of two stores, being hopelessly insolvent, closed its stores on or about November 1, 1950 and called a meeting of its creditors. The creditors present at this meeting elected a creditor's committee.

The committee entered into an agreement with the bankrupt whereby the defendants, who were the attorneys for most of the bankrupt's merchandise creditors, were to attempt to induce all of the creditors to hold pending suits against the bankrupt in abeyance, to induce other creditors to forego instituting new suits, and to sell the stores. The defendants were to be paid for these services by the debtor. The amount of their fee to be approved by the creditor's committee. The defendants were successful in maintaining the debtor's status quo but were unsuccessful in their attempts to sell the stores.

On December 18, 1950, the creditor's committee approved and authorized the payment of the sum of $1,000 by the bankrupt to the defendants as a fee for the services they had rendered. This payment was then made.

On December 22, 1950, the defendants filed an involuntary petition in bankruptcy against the debtor.

The trustee in bankruptcy brings this action to recover as a voidable preference the $1,000 alleging—

1—Violation of Section 60 of the Bankruptcy Act, 11 U.S.C.A. § 96.

2—Violation of Section 15 of the New York Stock Corporation Law.

Section 60 provides in part as follows:

"Preferred creditors. (a) A preference is a transfer * * * of any of the property of a debtor to or for the benefit of a creditor for or on account of an antecedent debt, made or suffered by such debtor while insolvent and within four months before the filing by or against him of the petition in bankruptcy, * * * the effect of which transfer will be to enable such creditor to obtain a greater percentage of his debt than some other creditor of the same class. * * *

"(b) Any such preference may be avoided by the trustee if the creditor receiving it or to be benefited thereby or his agent acting with reference thereto has, at the time when the transfer is made, reasonable cause to believe that the debtor is insolvent. Where the preference is voidable, the trustee may recover the property * * *."

It seems clear that this payment was a voidable preference that may be recovered by the trustee. It is conceded that the payment was made by the debtor within four months before the petition in bankruptcy was filed and at a time when the bankrupt was insolvent and must have been known by the defendants to be insolvent—the creditor's committee's accountants having reported more than a month before the payment liabilities of approximately $125,000 and assets of $10,000. The payment was compensation for services that had been rendered. It was therefore a transfer for the benefit of a creditor on account of an antecedent debt. As a result of this transfer, the defendants have obtained a greater percentage of their debt than any creditor of the same class.

The defendants are not entitled to retain this money under Section 60, sub. d of the Bankruptcy Act as that section relates to payment "for services to be rendered". Moreover, the services were rendered not in contemplation of the filing of a petition in bankruptcy by or against the debtor. On the contrary, the defendants were trying to effect a common law settlement and avoid bankruptcy.

A decree may accordingly be entered in favor of the plaintiff. Findings of fact and conclusions of law are incorporated in this memorandum.